CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/28/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| KEITH E. ADAMS AND KIM ADAMS, TRUSTEES OF THE ADAMS FAMILY TRUST DATED DECEMBER 17, 1998,<br><br>*Plaintiffs*,<br><br>v.<br><br>CRAB DU JOUR OF LYNCHBURG, INC., ET AL<br><br>*Defendants*. | CASE NO. 6:25-CV-23<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Vacate the Clerk's Entry of Default. Dkt. 30. Plaintiffs previously moved for default on July 22, 2025, which the Clerk entered on July 28, 2025. Dkts. 20, 28. Due to the following reasons, the Court **GRANTS** Defendants' motion. Dkt. 30.

### BACKGROUND

Plaintiffs brought this case against Defendants following an alleged breach of a written lease between the parties. Dkt. 1 ¶ 1. On May 31, 2019, the parties "executed a lease for a property in the City of Lynchburg owned by Plaintiff." *Id.* ¶ 6. Defendants initially ran their business, Crab du Jour of Lynchburg, from 3810 Wards Road. *Id.* ¶¶ 6-7. However, according to Plaintiffs, they "ceased business operations" "before the expiration of the lease term and stopped paying on the lease. *Id.* ¶ 8 Although Plaintiffs "later procured a tenant for the premises," they brought this suit seeking $478,981.60 from Defendants for alleged "sums due under the Lease from the time Defendants ceased business operations and stop (sic) paying rent to Plaintiff." *Id.* ¶¶ 9-11.

Plaintiffs served the complaint on June 25, 2025. Dkt. 16. Defendants failed to respond by the July 16, 2025 answer deadline, and Plaintiffs moved for a Clerk's entry of default. Dkt. 20. Defendants filed an answer the same day Plaintiffs moved for default. Dkts. 21-23. The Clerks entered default three days after the Court received Defendants' answer. Dkt. 28. Defendants now move to vacate this entry of default for four reasons: (i) their answer was "timely under the Court's local rules;" (ii) "[v]acating default in this matter will not prejudice Plaintiffs;" (iii) "Defendants possess material evidence . . . establishing a meritorious defense;" and (iv) "[s]ervice of the Request for the Clerk's Entry of Default was affected on an attorney who was not the Attorney of Record," thus making it "improper." Dkt. 30 ¶ 5.

## APPLICABLE LAW

A defendant must answer or otherwise respond to a complaint within 21 days of service of the complaint and summons. Fed. R. Civ. P. 12(a)(1)(A)(i). But when a party has failed to timely file a response, "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Rule 55(c) provides, in relevant part, that "[t]he court may set aside an entry of default for good cause." When evaluating motions to vacate an entry of default, a district court should consider "[1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." *Mavila v. Absolute Collection Serv., Inc.*, 539 F. App'x 202, 206 (4th Cir. 2013) (unpublished). The Fourth Circuit has long held that "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Colleton Prep. Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 421 (4th Cir. 2010)

(quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130.

### ARGUMENT

The Court now applies the Fourth Circuit's test in evaluating Defendants motion to vacate the clerk's entry of default.

First, the Court considers whether the Defendants have a "meritorious defense." *Mavila*, 539 F. App'x at 206. A "meritorious defense" requires Defendants to "proffer . . . evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1998). Here, Defendants filed several correspondences with Plaintiffs and argue their "documentary evidence collectively demonstrates" that Plaintiffs "intended to release Defendants from their obligations under the lease agreement. Dkts. 30 ¶ 17; 30-5 at 7 ("Plaintiffs . . . represented to Crab that they intended to release Crab from its obligations under the lease agreement."). As this statement and evidence could "permit a finding" for Defendants, the Court finds that Defendants have established a meritorious defense. *Augusta Fiberglass*, 843 F.2d at 812.

Second, the Court considers whether the Defendants acted with "reasonable promptness." *Mavila*, 539 F. App'x at 206. When evaluating the reasonableness of Defendants' actions, courts must consider the "facts and circumstances of each occasion." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (explaining the standard in the context of a Rule 60(b) motion). Here, Defendants responded to Plaintiffs' complaint five days before the Clerk entered default. Dkts. 21-

3

23, 28. They have been timely litigating the case ever since; therefore, the Court concludes Defendants have acted with reasonable promptness.

Third, the Court considers the Defendants' "personal responsibility" in failing to respond. *Mavila*, 539 F. App'x at 206. When evaluating this factor, the Court considers "whether the default was primarily traceable to the defendant's actions or oversight by their counsel." *Goldbelt Wolf, LLC v. Operational Wear Armor, LLC*, No. 1:15-cv-1268, 2016 WL 726532, at *6 (W.D. Va. Feb. 22, 2016). "Justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which causes a final, involuntary termination of proceedings. *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 21982). Plaintiffs' service for the Clerk's entry of default was "addressed to Steven Xie" who had not yet "entered [his] appearance on behalf of Defendants." Dkt. 30 ¶¶ 18-19. And further, despite Defendants' argument that "the filing of Defendants' Answers was timely," they were not. *Id.* ¶ 12. Both errors, attributable to Defendant's counsel, demonstrate that Defendants were not personally responsible in their failure to respond.

Fourth, the Court considers any possible prejudice to the Plaintiffs. *Mavila*, 539 F. App'x at 206. Prejudice occurs when "the delay affected the ability of the non-defaulting party to present their evidence, proceed with trial, or complete discovery." *Goldbelt Wolf, LLC*, 2016 WL 726532, at *6. In their request for Clerk's Entry of Default, Plaintiffs fail to identify any "disadvantage" they will face "beyond that suffered by any party which loses a quick victory." Dkt, 20; *Augusta Fiberglass*, 843 F.2d at 812. Since Plaintiffs "can pursue [their] claims immediately once the default is lifted," the Court does not find prejudice. Dkt. 30 ¶ 13.

Fifth, the Court considers Defendants' history of dilatory actions. *Mavila*, 539 F. App'x at 206. Plaintiffs' request is completely silent regarding other actions Defendants have taken to

4

delay legal proceedings. Indeed, the record indicates Defendants have been timely litigating since even before the Clerk's entry of default. As such, no history of dilatory actions exists.

Sixth, the Court considers the availability of less-drastic sanctions. *Mavila*, 539 F. App'x at 206. Less drastic sanctions certainly exist; in vacating the Clerk's entry of default, the Court may "impose other sanctions against the offending attorney, such as awarding the non-movant's costs and attorney's fees." *Augusta Fiberglass*, 843 F.2d at 811 (so holding with respect to vacating default judgment); *see also Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) (unpublished).

## CONCLUSION

The Courts find that all factors of the Fourth Circuit's test cut in favor of vacating the Clerk's entry of default. Because of the reasons enumerated above, Defendants' Motion to Vacate the Clerk's Entry of Default is **GRANTED**. Dkt. 30.

It is **SO ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

Entered this the 28th day of October, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE